**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **CINEMARK USA, INC.,** § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. _____ |
| § | |
| v. § | |
| § | |
| **IMAX CORPORATION,** § | |
| § | |
| Defendant. § | |

**COMPLAINT FOR DECLARATORY JUDGMENT OF
NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 7,106,411
AND U.S. PATENT NO. 7,595,860**

Plaintiff, for its Complaint against Defendant would respectfully show as follows:

## I. PARTIES

1.   Cinemark USA, Inc. ("Cinemark") is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 3900 Dallas Parkway, Suite 500, Plano, Texas 75093.

2.   Upon information and belief, IMAX Corporation ("IMAX") is a corporation organized and existing under the laws of Canada with its principal place of business at 110 E. 59th Street in New York, New York 10022. The registered agent for service of process on IMAX is CT Corporation System and is located at 111 Eighth Avenue in New York, New York, 10011.

## II. JURISDICTION AND VENUE

3.   Subject matter jurisdiction is grounded on the presence of an action arising under the patent laws of the United States, Title 35, United States Code, as implemented by 28 U.S.C. § 1338(a) which gives the federal courts exclusive jurisdiction, and on the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202. Subject matter jurisdiction is also proper under 28 U.S.C. § 1331.

4. IMAX is doing business in this judicial district and therefore is subject to personal jurisdiction in this judicial district. IMAX has also availed itself of this district as well through its notice of alleged infringement attached as Exhibit C.

5. Because IMAX is subject to personal jurisdiction in this judicial district, they are deemed to be residents of this district under 28 U.S.C. § 1391(b) and (c); therefore, venue is proper in this district under 28 U.S.C. § 1391(b) and (c). Venue is also proper under 28 U.S.C. § 1391(d) as IMAX is an alien corporation.

### III.  BACKGROUND TO THE CONTROVERSY

6. The subject of this Complaint is the method of conversions of movie theatre facilities to maximize the use of available technology.

7. Defendant IMAX is the alleged assignee of U.S. Patent No. 7,106,411 entitled "Conversion Of Cinema Theatre To A Super Cinema Theatre" (the "'411 Patent"). The '411 Patent issued on September 12, 2006. A copy of the '411 Patent is attached as Exhibit A.

8. Defendant IMAX is the alleged assignee of U.S. Patent No. 7,595,860 entitled "Conversion Of Cinema Theatre To A Super Cinema Theatre" (the "'860 Patent"). The '860 Patent issued on September 29, 2009. A copy of the '860 Patent is attached as Exhibit B.

### IV.  THE CONTROVERSY

9. Cinemark has plans and intends to continue to convert and update movie theatre facilities to maximize the use of available technology.

10. IMAX sent Cinemark an email on October 26, 2009 asserting that Cinemark is in violation of the '411 Patent and the '860 Patent. A copy of the October 26, 2009 email is attached as Exhibit C.

11. IMAX's assertions that Cinemark is in violation of the '411 Patent and the '860 Patent have placed a cloud over Cinemark's business. Unless prevented by this Court, IMAX's assertions will continue to so affect Cinemark's business.

12. An actual controversy of justiciable nature exists between IMAX and Cinemark regarding whether the conversion of movie theatre facilities to maximize the use of available technology by Cinemark would infringe any claims of either the '411 Patent or the '860 Patent. To resolve the legal and factual questions raised by IMAX and to afford relief from the uncertainty and controversy which IMAX's assertions have precipitated, Cinemark is entitled to have a declaratory judgment of its rights under 28 U.S.C. §§ 2201-2202.

## V.  COUNT ONE:  NON-INFRINGEMENT

13. The allegations of Paragraphs 1 to 12 above are incorporated by reference.

14. This count is for a declaratory judgment of non-infringement of the claims of the '411 Patent.

15. The conversion of movie theatre facilities to maximize the use of available technology by Cinemark does not and will not infringe, contributorily infringe, or constitute inducement of infringement of the claims of the '411 Patent.

16. Cinemark is entitled to a declaration that the conversion of movie theatre facilities to maximize the use of available technology in the United States does not directly infringe, contributorily infringe, or induce infringement of any claim of the '411 Patent.

## VI.  COUNT TWO:  NON-INFRINGEMENT

17. The allegations of Paragraphs 1 to 16 above are incorporated by reference.

18. This count is for a declaratory judgment of non-infringement of the claims of the '860 Patent.

19.     The conversion of movie theatre facilities to maximize the use of available technology by Cinemark does not and will not infringe, contributorily infringe, or constitute inducement of infringement of the claims of the '860 Patent.

20.     Cinemark is entitled to a declaration that the conversion of movie theatre facilities to maximize the use of available technology in the United States does not directly infringe, contributorily infringe, or induce infringement of any claim of the '860 Patent.

### VII.  COUNT THREE:  INVALIDITY

21.     The allegations of Paragraphs 1 to 20 above are incorporated by reference.

22.     The '411 Patent is invalid for failing to satisfy the conditions for patentability set forth in Part II of 35 U.S.C., including but not limited to §§ 102, 103, and 112.

23.     Therefore, there has been and is now an actual controversy between Cinemark and IMAX as to the invalidity of the '411 Patent.

### VIII.  COUNT FOUR:  INVALIDITY

24.     The allegations of Paragraphs 1 to 23 above are incorporated by reference.

25.     The '860 Patent is invalid for failing to satisfy the conditions for patentability set forth in Part II of 35 U.S.C., including but not limited to §§ 102, 103, and 112.

26.     Therefore, there has been and is now an actual controversy between Cinemark and IMAX as to the invalidity of the '860 Patent.

### IX.  JURY DEMAND

27.     Cinemark hereby demands a jury trial.

### X.  PRAYER

WHEREFORE, Cinemark respectfully requests that the Court declare and a judgment be entered that:

(A)     Cinemark does not infringe any claim of the '411 Patent;

(B)    Cinemark does not infringe any claim of the '860 Patent;

(C)    The '411 Patent is invalid;

(D)    The '860 Patent is invalid;

(E)    IMAX, its officers, agents, servants, employees, representatives, successors, and assigns, and any and all persons in active concert or participation with or under authority from IMAX, either separately or jointly, is enjoined from interfering with, or threatening to interfere with, the conversion and update of movie theatre facilities to maximize the use of available technology by Cinemark, its related companies, successor or assigns, in connection with its business; and that,

(F)    Cinemark be awarded its costs and reasonable attorney fees incurred herein.

Date: November 3, 2009

By: */s/ Sanford E. Warren, Jr.*
Sanford E. Warren, Jr. *(attorney in charge)*
Texas State Bar No. 20888690
swarren@akingump.com
Scott Tyler Williams
Texas State Bar No. 00791937
swilliams@akingump.com
R. Scott Rhoades
Texas State Bar No. 90001757
srhoades@akingump.com
David L. Odom
Texas State Bar No. 24043851
dodom@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

**ATTORNEYS FOR PLAINTIFF CINEMARK USA, INC.**